# MEMORANDA

# CASES NOT REPORTED IN FULL.

## SYLVESTER BENJAMIN, Appellant, *v.* J. WATSON ALLEN, Respondent.

*Practice — trial by the court — findings of fact and conclusions of law must be made and signed — a trial of a contested question of fact by the court cannot be reviewed unless such a decision be made.*

Appeal from a judgment, entered upon the trial of this action by the court without a jury.

The court at General Term said: "The appeal book contains a document entitled in the cause, the opening paragraph of which reads: 'The plaintiff requests the court to find as matter of fact.' Then follow eighteen requests to find matters of fact and three requests to find conclusions of law. Some of these requests are marked 'found' and others 'refused.' The signature of the trial judge nowhere appears. The clerk has not certified the case nor the judgment-roll. Decisions made on trials should be signed in some form by the judge. (*Thomas* v. *Thomas*, 14 How., 426; *Burger* v. *Baker*, 4 Abb., 11.) 'The decision of the court * * * upon the trial of the whole issue of fact must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereupon.' (Code Civil Pro., § 1022.) The decision must be in writing and must be filed in the office of the clerk. (Code Civil Pro., § 1010.) But, assuming that the document referred to can be regarded as the authentic decision of the trial judge, it is fatally defective in omitting to state conclusions of law determining the case and authorizing the entry of a judgment, and in wholly omitting to 'direct the judgment to be entered thereupon.' This court cannot look into the opinion to ascertain what was decided by the Special Term. (*Laning* v. *The N. Y. C. R. R. Co.*, 49 N. Y., 521; *Noyes* v. *The Children's Aid Society*, 70 id.,

481; *People* v. *Otis*, 90 id., 48.) A county clerk is not authorized to enter a judgment upon an opinion; there must be a decision. (Code Civil Pro., § 1228.) A judgment entered upon the direction of the court upon the trial of an issue of fact, cannot be reviewed unless a decision is signed and filed determining the issues of fact and law. (*Bridger* v. *Weeks*, 30 N. Y., 328.) Such has been the law since 1860. (3 Wait's Pr., 216.) This case is not like *Eaton* v. *Wells* (82 N. Y., 576), in which there was no issue of fact to be determined.

. "It was the duty of the attorneys in this case, upon receiving from the judge information of the conclusion arrived at in respect to the questions of fact and law, to have drafted a decision embracing the findings of fact and conclusions of law, and procured it to be signed and filed. The judgment is irregular and ought not to be affirmed, but the appeal should be dismissed." (*Matthews* v. *The Mayor*, 14 Abb., 209; *Loeschigk* v. *Addison*, 19 id., 169.)

*Elon R. Brown*, for the appellant.

*Lansing & Rogers*, for the respondent.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Appeal dismissed, with costs.